IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **BRIDGET ANN MOORE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-300 (HL) |
| VS. | : | |
| | : | |
| **MICHAEL J. ASTRUE,** | : | |
| | : | SOCIAL SECURITY APPEAL |
| Defendant. | : | |
| _____ | : | |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Bridget Ann Moore's claim for benefits under the Social Security Act, 42 U.S.C. § 423. Because reversible error has been shown, **IT IS RECOMMENDED** that the Commissioner's decision be **REVERSED and REMANDED**.

## PROCEDURAL HISTORY

On May 7, 2007, Plaintiff applied for a period of disability and disability insurance benefits. Plaintiff's application for benefits was denied initially and upon reconsideration. Following a hearing before an Administrative Law Judge (ALJ), a written decision finding Plaintiff not disabled was issued. The Appeals Council refused to review this decision. On August 12, 2010, Plaintiff filed this action. Doc. 1.

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. Walker v. Bowen, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla

and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). Consequently, the Court's role in reviewing claims brought under the Social Security Act is quite narrow.

The Court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Court must, however, decide if the Commissioner applied the proper standards in reaching a decision. Harrell v. Harris, 610 F.2d 355, 359 (5th Cir. 1980). In so doing, the Court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  Bloodsworth, at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if it is supported by substantial evidence.  Id.

When analyzing the issue of disability, the Commissioner must follow a five-step procedure. 20 CFR § 404.1520, Appendix 1, Part 404.  First, the Commissioner determines whether or not the claimant is currently engaged in substantial gainful activity.  Second, upon a finding that the claimant is not working, the Commissioner determines whether the claimant has any impairment which prevents the performance of basic work activities.  Next, if the existence of such impairments has been found, the Commissioner determines whether the impairment(s) meets or equals the severity of one or more of the specified impairments listed in Appendix 1 of Part 404 of the regulations.  If the claimant's impairments do not meet or equal a listed impairment, the

---

[1] Credibility determinations are left to the Commissioner and not to the courts. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). See also Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986).

Commissioner must proceed to evaluate the claimant's residual functional capacity for work. Fourth, based on the claimant's residual functional capacity (RFC), the Commissioner determines whether the claimant is able to perform the physical and mental demands of her past work despite the impairments. Finally, and only where it has been determined that the claimant is unable to perform her past work, the Commissioner must determine whether there are sufficient numbers of jobs in the national economy that the claimant can perform given the claimant's Residual functional capacity, age, education, and past work experience. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. Id.

## DISCUSSION

### Severity of Plaintiff's PTSD

At step two of his evaluation of the instant case, the ALJ determined that Plaintiff had severe impairments of scoliosis, irritable bowel disorder, abdominal scarring, and migraine headaches. On appeal, Plaintiff argues that the ALJ erred by failing to conclude that she also had a severe mental impairment stemming from her Post Traumatic Stress Disorder.

Review of the record confirms that the ALJ's analysis reflects a reasoned consideration of the psychological evidence of record concerning Plaintiff's Post Traumatic Stress Disorder. There is substantial evidence in the record to support the ALJ's finding that Plaintiff's PTSD does not constitute a severe mental impairment. To support his conclusion, the ALJ cites to a consultative psychological examination demonstrating that Plaintiff: 1) has good insight and judgment; 2) is able

to carry out simple, complex, and detailed instructions; 3) has a fair ability to get along with the public, co-workers, and supervisors; 4) has the ability to sustain focused attention which would permit her to timely completion of assigned tasks and meet production norms; and, 5) would not decompensate under stressful conditions.  See Doc. 9-9, Defendant's Exhibit 19F.  These observations are consistent with those contained in the psychiatric reviews and consultative case evaluations performed by other psychologists and physicians.  See Id. at Defendant's Exhibits 20F-24F.

Plaintiff's own assertions, along with the clinical findings contained in the majority of her other medical records, also support these assessments.  For example, and as is illustrated throughout many of the records of her encounters with medical personnel, Plaintiff repeatedly confirms that she requires no assistance in the area of personal care, is able to cook, clean, shop, drive, care for her son, attend church, and watch television.  Based this evidence, despite the fact that Plaintiff may indeed suffer some degree of impairment due to PTSD, the ALJ reasonably determined that the disorder does not cause more than minimal limitation in her ability to perform basic mental work activities and is, therefore, not severe.

## Alleged Defects in ALJ's Written Decision

The ALJ's report is deficient in its discussion of the ALJ's analysis and determination of Plaintiff's residual functional capacity or RFC.  In view of these defects, and reliance upon relevant Eleventh Circuit precedent, the content of the ALJ's written decision is insufficient to allow for meaningful review and must, therefore, be reversed and remanded for further consideration.  See Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

With regard to the content of an ALJ's written decision, and pursuant to the Commissioner's own policy rulings, an ALJ's assessment of a claimant's RFC must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and non-medical evidence (e.g., daily activities, observations). SSR 96-8P. Moreover, where symptoms have been alleged, this discussion must also: 1) contain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate; 2) include a resolution of any inconsistencies in the evidence as a whole; and 3) set forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work. Id.

Here, the analysis set forth by the ALJ in his written decision falls short of these requirements. For example, in considering Plaintiff's alleged symptoms, the ALJ's discussion consists primarily of a restatement of her allegations, a finding that her medically determinable impairments could reasonably be expected to cause some level of these symptoms, and a conclusion that her assertions concerning the intensity, persistence, and limiting effect of these symptoms are credible only to the extent that they are consistent with his determination that she has the RFC to perform unskilled to semi-skilled work at no more than a light exertional level with no complex tasks.

Given the nature and quantity of Plaintiff's medically determinable severe and non-severe impairments, the number and variety of symptoms allegedly resulting therefrom, and the lack of any specific discussion about if and to what extent each allegation was credited, it is simply not possible to determine whether or not the ALJ applied and followed the proper legal standards. Accordingly,

even though the ALJ may have fully and properly considered all of the evidence in the course of making this decision, his failure to include sufficient details of this process within his written decision prohibits meaningful review and, therefore, mandates reversal.

In view of the above, and pursuant to Sentence Four of 42 U.S.C. 405(g), **IT IS RECOMMENDED** that the decision be **REVERSED** and that the matter be **REMANDED** for further proceedings in accordance with the above.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 8th day of September, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

and in order to provide a reviewing court with a sufficient basis to determine whether the proper legal standards have been followed,

As indicated above, a claimant's RFC is "that which [the claimant] is still able to do despite the limitations caused by ... her impairments."  Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir.2004).

Severity of Plaintiff's PTSD

At step two of his evaluation of the instant case, the ALJ determined that Plaintiff had severe impairments of scoliosis, irritable bowel disorder, abdominal scarring, and migraine headaches. On appeal, Plaintiff argues, among other things, that the ALJ erred by failing to conclude that she also had a severe mental impairment stemming from her Post Traumatic Stress Disorder.

With regard to this argument, and after review of the record, the ALJ's analysis reflects a reasoned consideration of the psychological evidence of record. Based on this analysis, and as explained below, there is substantial evidence to support the ALJ's finding that Plaintiff's PTSD does not constitute a severe mental impairment. To support his conclusion, the ALJ cites to a consultative psychological examination demonstrating that Plaintiff: 1) has good insight and judgment; 2) is able to carry out simple, complex, and detailed instructions; 3) has a fair ability to get along with the public, co-workers, and supervisors; 4) has the ability to sustain focused attention which would permit her to timely completion of assigned tasks and meet production norms; and, 5) would not decompensate under stressful conditions. See Doc. 9-9, Defendant's Exhibit 19F. These observations are consistent with those contained in the psychiatric reviews and consultative case evaluations performed by other psychologists and physicians. See Id. at Defendant's Exhibits 20F-24F. Furthermore, Plaintiff's own assertions, along with the clinical findings contained in the majority of her other medical records, also appear to support these assessments. For example, and as is illustrated throughout many of the records of her encounters with medical personnel, Plaintiff repeatedly confirms that she requires no assistance in the area of personal care, is able to cook,

-8-

clean, shop, drive, care for her son, attend church, and watch television.  Based on the above, and despite the fact that Plaintiff may indeed suffer some degree of impairment due to PTSD, the ALJ's finding that it does not cause more than minimal limitation in her ability to perform basic mental work activities and is, therefore, not severe has not been undermined.

<u>ALJ's determination of Plaintiff's RFC</u>