**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **BRIDGET ANN MOORE,**<br><br>       Plaintiff,<br><br>v.<br><br>**MICHAEL J. ASTRUE, Commissioner,**<br><br>       Defendant. | Civil Action 5:10-CV-300 (HL) |

**ORDER**

This case is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 22). On September 26, 2011, the Court entered an order (Doc. 20) reversing the Commissioner's decision in this matter and remanding it to the administrative level for further proceedings. On December 27, 2011, Plaintiff filed a Motion for Attorney's Fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act ("EAJA"). Plaintiff requests an award of $6,974, which consists of 39.5 hours of work at $172 per hour, to be paid directly to her attorney. The Commissioner opposes the request on two grounds. First, the Commissioner argues that Plaintiff's attorney has not proven that he is entitled to be compensated at an hourly rate of $172. Second, the Commissioner argues the fees should be paid directly to Plaintiff, not her attorney.

**I.   ANALYSIS**

The EAJA, as codified at 28 U.S.C. § 2412(d)(1)(A), provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Subsection (d)(2)(A) further provides that awards of attorney's fees shall be based on prevailing market rates for comparable services, but that fees in excess of $125 per hour shall not be awarded "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

There is no dispute that Plaintiff is the prevailing party in this case. However, the Commissioner objects to the $172 hourly rate requested by Plaintiff.

**A.   Hourly Rate**

The Eleventh Circuit determined in <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and

2

> reputation.'. . .The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor.

Id. at 1033-34 (citations and footnote omitted).

Contrary to Plaintiff's statement in her memorandum of law, the Eleventh Circuit did not hold in Meyer that a cost-of-living escalator is "next to automatic." This was because "[a]lthough it seems difficult to envision a situation in which the district court would not adjust the cap upward for inflation, such a situation theoretically could exist. . . ." Id. at 1034-35. The Eleventh Circuit requires courts determining attorney's fees to "'articulate the decisions it made, give principled reasons for those decisions, and show its calculation.'" Id. at 1035 (quoting Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988)).

The first step under Meyer is for the Court to determine the relevant market rate. The Eleventh Circuit has stated that:

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work....Satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of

3

>     case and client, and breadth of the sample of which the
>     expert has knowledge.

Norman, 836 F.2d at 1299 (internal citations omitted).

To establish the market rate, Plaintiff provides an affidavit from Joel Grist, the attorney who worked on this case. Mr. Grist states that his regular practice is in the fields of plaintiff's personal injury litigation and Social Security Disability. He states that his lowest regular hourly rate is $200, but in Social Security cases he usually agrees to represent clients on a contingent fee basis of 25 percent of past-due benefits. Mr. Grist then names several other cases, mainly in the Northern District of Georgia, where the district courts have awarded him an hourly rate of $172.

Plaintiff has provided no evidence as to market rate other than the affidavit of Mr. Grist. That alone is not sufficient to establish the relevant market rate. *See* Norman, 863 F.2d at 1299. However, the Court may also consider its own knowledge and experience and form an independent judgment as to the relevant market rate. Id. at 1304. The Court finds that the appropriate market rate for similar work performed by similarly experienced attorneys is $150 per hour. *See also* Strickland v. Astrue, No. 5:09-CV-404 (CAR), 2011 WL 672329 (M.D. Ga. Feb. 17, 2011).[1]

---

[1] The Commissioner cites to Maddox v. Astrue, No. 5:09-CV-334 (M.D. Ga. Nov. 23, 2010), a case in which Magistrate Judge Charles H. Weigle determined the market rate under the EAJA in the Macon Division to be $135 per hour. However, Strickland is a more recent decision, and the Court agrees with Judge Royal that $150 per hour is a more appropriate rate.

Because the market rate for counsel's services exceeds the statutory cap of $125 per hour, the Court must consider the second step of the <u>Meyer</u> test - whether the Court should adjust the hourly fee upward to take into account an increase in the cost of living. <u>Meyer</u>, 958 F.2d at 1033. The Commissioner argues that Plaintiff has not provided any reason why he is entitled to an upward adjustment of the market rate. However, courts in the Middle District regularly allow for upward adjustments when the market rate exceeds the statutory cap, and the Court believes an upward adjustment is appropriate in this case. Further, it should be noted that Plaintiff is not seeking the full rate she is actually entitled to once the cost-of-living adjustments are made.[2]

The Commissioner does not object to the 39.5 hours of work claimed by counsel. The Court finds that $172 per hour as requested by counsel is a

---

[2] Judge Treadwell in <u>Lawton v. Astrue</u>, No.. 5:09-CV-239 (M.D. Ga. Apr. 3, 2012), outlined the proper computation for determining the hourly rate for attorney's fees performed both in years prior to an EAJA motion being filed, and the actual year the motion is filed. The computation is as follows:

$$\frac{[\text{The average CPI for the year in which the work was performed or, if work was performed in the year that the motion was filed, the average CPI for the month in which the work was performed}]}{155.7 \ [\text{March 1996's average CPI, the month the statutory cap changed from \$75}]} \times 125 \ [\text{the statutory cap}]$$

According to counsel's billing statement, he worked on the case in 2010 and January 2011, February 2011, March 2011, September 2011, and December 2011. Using the above-listed formula, the adjusted hourly rate for the work done in 2010 is $175.06 per hour. The adjusted rate for work done in January 2011 is $176.80 per hour. The adjusted rate for work done in February 2011 is $177.67 per hour. The adjusted rate for work done in March 2011 is $179.41. The adjusted rate for work done in September 2011 is $182.15. The adjusted rate for work done in December 2011 is $180.59.

reasonable hourly fee. Thus, the Court finds that Plaintiff is entitled to $6,794 in attorney's fees (39.5 x $172).

### B. Assignment of EAJA Fees

Plaintiff has requested that the attorney's fees be paid directly to her counsel. The Commissioner objects to this request, and asks that the fee be paid to Plaintiff.

The EAJA statutory language "'prevailing party' unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney." Reeves v. Astrue, 526 F.3d 732, 735 (11th Cir. 2008). The attorney's fee award is subject to an offset to satisfy any pre-existing debt owed to the Government by a litigant. Astrue v. Ratliff, --- U.S. ---, 130 S.Ct. 2521, 2524 (2010). The Commissioner may award attorney's fees directly to Plaintiff's counsel if the fee has been assigned to the attorney and Plaintiff has no outstanding federal debt. Id. at 2529.

Here, Plaintiff's counsel has not presented any documentation which assigns the right of the attorney's fees to her attorney. As there is no indication of a valid assignment, the award of attorney's fees is to be paid directly to Plaintiff.

### II. CONCLUSION

For the reasons discussed above, the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 22) is granted. Plaintiff shall receive $6,794 in attorney's fees and these fees shall be payable directly to Plaintiff.

**SO ORDERED**, this the 20th day of June, 2012.

                                          ***s/ Hugh Lawson***
                                          **HUGH LAWSON, SENIOR JUDGE**

mbh